UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR.,<br><br>      Plaintiff,<br><br>  v.<br><br>R. WOOD, et al.,<br><br>      Defendants. | Case No. 1:18-cv-00930-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

     Steven Deon Turner, Jr. ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 10, 2018. (ECF No. 1). Plaintiff's complaint relates to an incident where Defendant Correctional Officer R. Wood yelled at Plaintiff, using profanity, during a dispute over Plaintiff's library access.

     The Court has screened Plaintiff's complaint and finds that it does not state a cognizable claim for a violation of Plaintiff's constitutional rights under the relevant legal standards. To the extent Plaintiff is asserting state law claims, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law causes of action.

The Court explains the legal standards below and recommends that the assigned district judge dismiss this case without leave to amend. If Plaintiff believes that the Court's recommendation is in error, Plaintiff should file objections within twenty-one days of the date of service of this order.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges in his complaint that he was rightfully at the law library at California Correctional Institution, Tehachapi ("CCI") on February 14, 2017, when correctional officer R. Wood asked him what he was doing. Plaintiff told Defendant Wood that he was priority law library usage with a legal right to be in the law library. Plaintiff walked away from Defendant Wood due to Defendant Wood's hostile tone and demeanor. Defendant Wood then yelled at the Plaintiff "You a Bitch for walking away from me, when I'm talking to you."

Plaintiff then notified facility B-yard Captain Mayo of the situation. Captain Mayo told Plaintiff to talk to the second watch Sergeant, who told Plaintiff to file a staff 602 complaint. Plaintiff had six witnesses who testified on his behalf.

An appeal inquiry was conducted and it was concluded that Defendant Wood violated California Department of Corrections and Rehabilitation policy.

Plaintiff alleges that Defendant Wood's conduct also violated other rules and policies and constituted gross negligence, defamation, willful misconduct, and assault.

Plaintiff also alleges that his First Amendment right to petition the government for redress of grievances was violated by the prison not properly processing his staff/602 complaint. Even though Defendant Wood was found guilty of misconduct, Plaintiff remained dissatisfied and sought a third level review. However, Plaintiff was informed that he missed the deadline for such a third level appeal and the appeal was cancelled. Plaintiff alleges that after he submitted the complaint to the third level, someone held onto it so that it would be untimely. That person held the complaint in order to keep the misconduct from being exposed to the public, and to make sure that Defendant Wood would not be punished.

Plaintiff also mailed a complaint to the Government Claims Board. It was returned "undeliverable as addressed" even though it was correctly addressed. He alleges that an unknown officer violated Plaintiff's rights by refusing to forward his claim to the Government Claims Board.

\\\

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Harassment

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting Farmer, 511 U.S. at 847).

In evaluating Plaintiff's claim of harassment, the Court considers "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

Allegations of verbal harassment do not state a claim under the Eighth Amendment

4

unless it is alleged that the harassment was "calculated to ... cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. Keenan, 83 F.3d at 1092; see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

The Court finds that Plaintiff's allegations against Defendant Wood do not rise to a level of cruel and unusual punishment protected by the Eighth Amendment of the Constitution. Plaintiff alleges that Defendant Wood stated "You a bitch for walking away from me, when I'm talking to you." While this statement used a derogatory word and was offensive, it was not "unusually gross even for a prison setting." It was a single incident. Plaintiff successfully walked away and told other officers on the yard. While this conduct may have violated prison rules and been inappropriate and offensive, it does not rise to the level of a violation of the Constitution under the legal standards set forth above.

### B. Grievance System

Plaintiff also claims that his 602 appeal was intentionally interfered with by someone at the prison in order to thwart his appeal.

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way.

Allegations that prison officials denied or refused to process grievances do not state a cognizable claim for a violation of his due process rights, because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims

that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff's claims related to the grievance process do not state a violation of the constitution under these legal standards. If prison officials did not properly process his grievance, Plaintiff may be able to pursue his underlying claim without exhausting his administrative remedies. But the failure to process his grievance is not an independent violation of the Constitution.

### C. **Government Claims Submission**

Plaintiff also claims that someone sabotaged his complaint to the Government Claims Board. He bases his claim on the fact that his mail was returned as undeliverable even though the address was correct.

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987).

Inmates have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), invalidated on other grounds by Coleman v. Tollefson, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 1759, 191 L.Ed.2d 803 (2015).

To show a violation of either type of right to access to the courts, an inmate must demonstrate he or she experienced an "actual injury," in that there was a specific instance in which he was denied access. Lewis v. Casey, 518 U.S. 343, 349-352 (1996). An inmate must show that alleged deficiencies in active assistance, or incidents of interference actually prevented the inmate from pursuing and filing a non-frivolous legal claim, or caused the dismissal of a viable action. Id. at 351. Also, the injury requirement is "not satisfied by just any type of frustrated legal claim." Id. at 354-55. It only attaches if an inmate is denied access

with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions to vindicate basic constitutional rights. Id.

Plaintiff alleges that someone at CCI must have sabotaged his filing of a government claims complaint because it was returned as undeliverable despite being correctly addressed. While intentional interference in the mail could state a constitutional violation, merely alleging that mail was improperly returned is not enough to state such a claim. Plaintiff does not allege that any person intentionally interfered with the mail. Having one returned mail parcel is not enough to make out a claim of intentional interference. Other courts have held the same on this issue. Gardner v. CDCR, 2018 WL 2318290, at *2 (E.D. Cal., May 22, 2018) (citations omitted) ("It appears that defendant Kreamer notified plaintiff that some of his mail had been returned by the United States Postal Service as undeliverable, but it is not clear how Kreamer was responsible for the returned mail. Furthermore, other than some of plaintiff's mail being returned, it is unclear what kind of interference he has experienced with his appeals and legal mail and what injury he has suffered as a result."); Grant v. Heisol, 2017 WL 569602, at *7 (E.D. Cal., Feb. 13, 2017) ("Here, Plaintiff merely alleges that the CSATF mailroom returned his mail as undeliverable. There are no facts from which the Court can conclude that any individual wrongfully interfered with Plaintiff's mail."); Eakins v. Whitake, 1995 WL 761250, at *1 (N.D. Cal., Dec. 11, 1995) ("The designation on two occasions of Eakins' mail as undeliverable does not present a cognizable claim for relief, and this is action is therefore DISMISSED WITH PREJUDICE.").

### D. **Other Potential State Claims**

Plaintiff's complaint also refers generally to other potential state law claims. It is not clear if Plaintiff means to assert state law claims, as the main causes of action appear to be the federal ones discussed above.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "A state law

claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citation and internal quotation marks omitted).

"The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) (finding that "once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims"). "In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." Bahrampour, 356 F.3d at 978 (alteration in original) (citation and internal quotation marks omitted).

As this case is currently at the screening stage, and as the Court has found that Plaintiff failed to state any cognizable federal claims in this action, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action, and that Plaintiff's state law causes of action be dismissed without prejudice.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that it fails to state a cognizable federal claim under the relevant legal standards. To the extent it asserts state law claims, the Court recommends dismissal without prejudice.

The Court does not recommend granting leave to amend. Plaintiff clearly alleged the circumstances underlying his complaint, and the Court has found that those circumstances do not state a Constitutional violation for the reasons described in this order. For that reason, leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be DISMISSED with prejudice for failure to state a claim;
2. Plaintiff's state law claims be DISMISSED without prejudice; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **September 14, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE